IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

RODNEY WILLIAM LIGHTFOOT,  )
                            )
    Plaintiff,              )
                            )
v.                          )   Civil Action No. 3:22-cv-615–HEH
                            )
CLENT D. DAVIS, *et al.*,   )
                            )
    Defendants.             )

**MEMORANDUM OPINION**
**(Dismissing Defendants for Lack of Service)**

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this action. Under Federal Rule of Civil Procedure 4(m), Plaintiff has 90 days to serve the defendants. Here, that period commenced on May 24, 2024.[1] More than 90 days elapsed, and Plaintiff has not served Defendants Brown, Tucker, and John Doe. On September 11, 2024, the Court directed Plaintiff to provide an address where Defendants Brown, Tucker, and John Doe could be served or to show good cause why all claims against those defendants should not be dismissed. (ECF No. 55.) The Court also provided Plaintiff notice in accordance with *Roseboro v. Garrison*, 528 f.2d 309 (4th Cir. 1975). (*Id.*) On October 4, 2024, the Court then directed Plaintiff, within thirty (30) days of the date of entry thereof, to show good cause why the action should not be dismissed against Defendants Brown, Tucker, and John Doe for failing to serve them. (ECF No. 55.)

---

[1] This is the date that the counsel for remaining defendants indicated that they could not accept service of process for Defendants Brown, Tucker, and John Doe. (ECF No. 48.)

Plaintiff responded and asked for an extension of time to locate and serve Defendants Brown and Tucker. (ECF No. 58.)

District courts within the Fourth Circuit have found good cause to extend the ninety-day time period when the plaintiff has made "reasonable, diligent efforts to effect service on the defendant." *Venable v. Dep't of Corr.*, No. 3:05-cv-821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999)). Leniency may be appropriate when factors beyond the plaintiff's control frustrate his or her diligent efforts. *See McCollum v. GENCO Infrastructure Sols.*, No. 3:10-cv-210, 2010 WL 5100495, at *2 (E.D. Va. Dec. 7, 2010) (citing *T & S Rentals v. United States*, 164 F.R.D. 422, 425 (N.D. W.Va. 1996)). Thus, courts are more inclined to find good cause where extenuating factors exist such as active evasion of service by a defendant, *T & S Rentals*, 164 F.R.D. at 425 (citing *Prather v. Raymond Constr. Co.*, 570 F. Supp. 278, 282 (N.D. Ga. 1982)), or stayed proceedings that delay the issuance of a summons, *McCollum*, 2010 WL 5100495, at *2 (citing *Robinson v. Fountainhead Title Grp. Corp.*, 447 F. Supp. 2d 478, 485 (D. Md. 2006)). However, "'[i]nadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service' generally are insufficient to show good cause." *Venable*, 2007 WL 5145334, at *1 (quoting *Vincent v. Reynolds Mem'l Hosp.*, 141 F.R.D. 436, 437 (N.D. W.Va. 1992)). While a court might take a plaintiff's *pro se* status into consideration when coming to a conclusion on good cause, *Lane v. Lucent Techs., Inc.*, 388 F. Supp. 2d 590, 597 (M.D.N.C. 2005), neither *pro se* status nor

incarceration alone constitute good cause. *Sewraz v. Long*, No. 3:08-cv-100, 2012 WL 214085, at *2 (E.D. Va. Jan. 24, 2012).

As of June 24, 2024, Plaintiff was notified that the Attorney General for the Commonwealth of Virginia was not accepting service of process for Defendants Brown, Tucker, and Doe. (ECF No. 48.) Since that date, Plaintiff made no effort to locate these defendants and provide their addresses to the Court. Even though Plaintiff is proceeding *pro se*, it was his responsibility to find an address where Defendants could be served and send the addresses to the Court. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (holding that prisoners proceeding *in forma pauperis* retain responsibility for providing address at which service can be effectuated).

Plaintiff fails to demonstrate that he made a "reasonable, diligent effort[] to effect service on the defendant[s]." *Venable*, 2007 WL 5145334, at *1 (citation omitted) (internal quotation marks omitted). Nevertheless, the Court possesses discretion to grant an extension of time to complete service even in the absence of good cause shown for failure to serve defendants. *Gelin v. Shuman*, 35 F.4th 212, 220 (4th Cir. 2022) (further holding that "if the plaintiff is able to show good cause for the failure, then the court must grant the extension"). Here, however, the Court is unpersuaded that the circumstances warrant a discretionary extension. Accordingly, all claims against Defendants Brown, Tucker, and John Doe will be dismissed without prejudice. Plaintiff's Motion for an Extension of Time (ECF No. 58) to serve these Defendants will be denied.

Plaintiff also moved for an extension of time to respond to the Motion for Summary Judgment filed by Defendants Williams, Fowlkes, Garner, Speede, Jackson,

3

and Cambpell. (ECF No. 56.) Plaintiff asserts that he never received a copy of the Motion for Summary Judgment. Accordingly, Defendants Williams, Fowlkes, Garner, Speede, Jackson, and Cambpell will be directed to send Plaintiff a copy of their Motion for Summary Judgment and certify to the Court that they have done so. Plaintiff shall file any response to the Motion for Summary Judgment within forty (40) days of that certification.

An appropriate Order shall issue.

It is so ORDERED.

/s/
Henry E. Hudson
Senior United States District Judge

Date: **Nov. 22 2024**
Richmond, Virginia